**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NATALIE CLARK,

      Plaintiff,

vs.                                                                                             No. CIV 03-0666 LH/ACT

JAMES ROCHE, in his official capacity as
Secretary of the Air Force,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant's Motion for Partial Dismissal or, in the alternative, for Summary Judgment (Docket No. 20). The Court, having considered the pleadings submitted by the parties, the arguments of counsel, the applicable law, and otherwise being fully advised, finds that the motion is **well taken** and should be **granted**.

I.  Background

      The Plaintiff was employed as a research engineer by the United States Air Force. She alleges that she was discriminated and retaliated against and subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The Defendant moved for partial dismissal or, in the alternative, summary judgment.

      This Court twice granted the Plaintiff's motions to extend the briefing period on the Defendant's motion, the Plaintiff timely filed her response to the motion, and the Defendant replied.

The Plaintiff then filed a "supplemental response" to the Defendant's motion, more than two weeks after the second extended deadline. The "supplemental response" was therefore not timely filed. Furthermore, the Plaintiff's brief is in truth a surreply, but was filed without seeking leave of Court, as required by Local Rule 7.6(b). As will be discussed in detail below, the Plaintiff's Rule 56(f) affidavit allows the Court to delay ruling on a motion for summary judgment. It does not allow the non-moving party to file multiple pleadings at her leisure without regard for the briefing deadlines. Because the Plaintiff's "supplemental response" was filed beyond the deadline for briefs on this motion and without leave of Court, it will not be considered.

The Court finds that summary judgment shall be granted in favor of the Defendant on the Plaintiff's claims regarding her work evaluation, Lt. Hill's memorandum, the abstract written without the Plaintiff's knowledge, decommiting funding for the Plaintiff's projects, and ordering or encouraging co-workers not to collaborate with the Plaintiff, because this Court lacks subject matter jurisdiction over them. The Court further finds that summary judgment shall be granted in favor of the Defendant on the Plaintiff's claims regarding the reprimand she received from her superiors and her superiors making "derogatory remarks" about the Plaintiff and her representatives because no genuine issue of material fact exists for trial and the Defendant is entitled to judgment as a matter of law. Finally, the Court finds that the Plaintiff's claims regarding the handling of her complaints shall be dismissed with prejudice because they fail to state a claim upon which relief can be granted.

### III. Legal Standards and Analysis

A. Subject Matter Jurisdiction

1. Legal Standard

The Defendant has moved to dismiss several of the Plaintiff's claims on the ground that this Court lacks subject matter jurisdiction over them. "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence. Thus, [the Plaintiff] bear[s] the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof. Mere conclusory allegations of jurisdiction are not enough." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999) (internal quotation marks and citations omitted).

Where the Court's jurisdiction is invoked by virtue of the same federal statute giving rise to the Plaintiff's cause of action, the jurisdictional inquiry should be resolved according to FED. R. CIV. P. 12(b)(6), and not as a motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). *Id.* at 1159. When resolving a Rule 12(b)(6) motion to dismiss, if the Court considers "matters outside the pleading," "the motion shall be treated as one for summary judgment and be disposed of as provided in Rule 56...." FED. R. CIV. P. 12(b)(6).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest

upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Because the Defendant has presented, and the Court will consider, "matters outside the pleading" to resolve his motion as it pertains to the claims that follow, it will be decided as one for summary judgment according to Rule 56. FED. R. CIV. P. 12(b)(6). This also requires the Court to decide matters regarding the Plaintiff's deplorable motions practice. Rather than filing his Rule 56(f) affidavit as an independent pleading, the Plaintiff's attorney "responded" to the Defendant's motion by stating that he had "just recently" entered his appearance in this case, had yet to conduct discovery, and was unprepared to properly respond to the motion. This clearly fails to satisfy the requirement that the party opposing a motion for summary judgment "set forth specific facts showing that there is a genuine issue for trial" as to any issue in the case. FED. R. CIV. P. 56(e).

By filing his Rule 56(f) affidavit with his "response," the Plaintiff's counsel apparently believed that he had unilaterally stayed the decision of the Defendant's motion. However, that authority lies with the Court, not with the parties. "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." FED. R. CIV. P. 56(f). The Court has not done so.

Moreover, the Plaintiff's attorney's Rule 56(f) affidavit wholly failed to meet the standard required for the Court to "refuse the application for judgment" or "order a continuance." *Id.* The Plaintiff's response states, "Discovery is now being planned and it will encompass the following:

-4-

interrogatory to determine witnesses, request for production and/or depositions of witness and that it is anticipated that the witnesses will be able to verify either directly or circumstantially the relevant facts." Pl.'s Resp. in Opposition to Def.'s Mot. for Summ. J. (Docket No. 28) at 1. Her attorney's affidavit states only that knowledge of the facts "essential to justify their [sic] opposition to the Motion for Summary Judgment...is exclusively with or largely under the control of the moving party" and that "[t]hese facts include what actions were taken by Defendant, in regard to investigating this claim and when these actions were taken." Pl.'s Resp. in Opposition to Def.'s Mot. for Summ. J. (Docket No. 28), Ex. 1 at 2.

"A prerequisite to granting relief [pursuant to Rule 56(f)] . . . is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact....Counsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (internal quotation marks and citations omitted).

The Plaintiff's counsel's affidavit fails to meet this standard. The only facts the Plaintiff specifically identifies in the affidavit are, as will be discussed in detail below, irrelevant to the Defendant's motion. While "[t]he movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule 56(f)," *Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000), the non-moving party is required to identify what probable facts are in the opposing party's possession and how they will rebut the opposing party's suggestion that there is

no triable issue of fact. *Committee for the First Amendment*, 962 F.2d at 1522. The Plaintiff did not do so, and in fact could not. The only affidavit submitted in support of the Plaintiff's "supplemental response" to the Defendant's motion was that of the Plaintiff herself, which was obviously not in the Defendant's possession and could have been obtained within the briefing deadlines. None of the other exhibits attached to the untimely pleading were affidavits or "depositions, answers to interrogatories, and admissions on file," FED. R. CIV. P. 56(c), acquired from the Defendant. For the foregoing reasons, the Court will not withhold a decision on the Defendant's motion pursuant to FED. R. CIV. P. 56(f).

2. Work Evaluation

The Plaintiff's complaint alleges that the Defendant engaged in "[d]owngrading, reducing [sic] Dr. Clark's appraisals score's [sic] below her true contribution. This adversely affected her pay, promotion to DR III, and retirement and thrift savings plan." Pl.'s Compl. (Docket No. 1) at 5. The Defendant argues that the Plaintiff failed to exhaust her administrative remedies with regard to this claim. "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).

The work evaluation in question covered the period of October 1, 1999 to September 30, 2000, and the Plaintiff signed it on January 11, 2001. Def.'s Mot. for Partial Dismissal (Docket No. 20), Ex. A, Attach. 16. However, the Plaintiff did not submit her pre-complaint claim to an EEO Counselor until July 16, 2001. Def.'s Mot. for Partial Dismissal (Docket No. 20), Ex. A, Attach. 2.

"Aggrieved persons who believe they have been discriminated against on the basis of... sex...must consult a Counselor prior to filing a complaint in order to try to informally resolve the

matter. An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. 1614.105(a)(1). Insofar as it alleges that her work evaluation was discriminatory, the Plaintiff made her complaint well outside the 45-day window, and it therefore was not timely. The Defendant has thus established that there is an absence of evidence to support this claim. The Plaintiff, in response, has failed to timely respond to the Defendant's motion.

"[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment." *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

The Defendant has asserted and properly supported the fact that the Plaintiff failed to exhaust her administrative remedies with regard to this claim. Because the Plaintiff failed to timely respond to the motion, the Court accepts that fact as true. *Id.* Because the Plaintiff failed to exhaust her administrative remedies with regard to this claim, the Court lacks jurisdiction to consider it. *Jones*, 91 F.3d at 1399. The Court therefore finds that the Defendant is entitled to judgment as a matter of law and summary judgment is appropriate.

3. Lt. Hill's Memorandum

The Plaintiff alleges that the Defendant violated Title VII by "ordering, recommending, and encouraging others to write derogatory memorandums [sic] about Dr. Clark in retaliation ("get her") to her EEO complaints."  Pl.'s Compl. (Docket No. 1) at 7.  The Defendant alleges that management requested that Lt. Hill make a statement in June, 2000, and that the Plaintiff was aware of management's request by July 18, 2001 at the latest.  Def.'s Mot. for Partial Dismissal (Docket No. 20), Ex. A at 390-91 (original numbering).  The Defendant argues that the Plaintiff nonetheless failed to raise this issue in her EEO complaints, thereby failing to exhaust her administrative remedies.  Def.'s Mot. for Partial Dismissal (Docket No. 20), Ex. A at 343 (original numbering).

The Defendant has met his burden at this stage by making the above showing.  *Celotex Corp.*, 477 U.S. at 325.  The burden now shifts to the Plaintiff to go beyond her pleadings and demonstrate that a triable issue of fact exists.  FED. R. CIV. P. 56(e).  Again, the Plaintiff failed to timely respond to the Defendant's motion with any substantive allegations.  The Defendant's allegations are therefore deemed established for the purpose of this motion.  *Reed*, 312 F.3d at 1195.  The Plaintiff has therefore failed to meet her burden, and the Court will accept the Defendant's proposed facts as true.  *Id.*  Because the Plaintiff failed to exhaust her administrative remedies with regard to this claim, the Court lacks jurisdiction to consider it.  *Jones*, 91 F.3d at 1399.  The Defendant is entitled to judgment as a matter of law, and his motion on this issue will be granted.

4. Other Acts

The Plaintiff also alleges that the Defendant violated Title VII by writing an abstract listing the Plaintiff as the author without her knowledge and then requesting disciplinary action when she

did not present the paper, decommiting funding for the Plaintiff's projects, and ordering or encouraging co-workers not to collaborate with the Plaintiff. Pl.'s Compl. at 6-7. Again, the Defendant asserts that the Plaintiff failed to raise these issues in her EEOC complaint. Def.'s Mot. for Partial Dismissal (Docket No. 20), Ex. A at 27-28 (original numbering). The Defendant argues that these claims must therefore be dismissed because the Plaintiff failed to exhaust her administrative remedies as required.

By showing that the Plaintiff did not raise these incidents in her EEOC complaint, the Defendant has met his burden. *Celotex Corp.*, 477 U.S. at 325. The Court will accept those facts as established because the Plaintiff failed to timely respond to the motion. *Reed*, 312 F.3d at 1195. Because the Plaintiff failed to exhaust her administrative remedies with regard to these claims, the Court lacks jurisdiction to consider them. *Jones*, 91 F.3d at 1399. The Defendant is entitled to judgment as a matter of law with regard to these claims, and his motion will be granted.

B.  Failure to State a Claim

1.  Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party. A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th

Cir. 1999).

When resolving a Rule 12(b)(6) motion to dismiss, if the Court considers "matters outside the pleading," "the motion shall be treated as one for summary judgment and be disposed of as provided in Rule 56...." FED. R. CIV. P. 12(b)(6).

2. Reprimand

The Plaintiff's complaint contains several allegations regarding a reprimand she received from her superiors. The Plaintiff alleges that the Plaintiff's superiors placed "untruthful and unjustified corrective or disciplinary actions in Dr. Clark's personnel records," the reprimand and the accusations that precipitated it were made without just cause, that her superiors failed to follow proper Air Force procedures in taking corrective or disciplinary actions, and that the Plaintiff was refused the representative required by Air Force procedure. Pl.'s Compl. (Docket No. 1) at 5-6. The Defendant has moved to dismiss these claims pursuant to FED. R. CIV. P. 12(b)(6), arguing that they fail to state a claim upon which relief can be granted. However, the Defendant has presented, and the Court will consider, matters outside the pleading along with the motion. It will therefore be decided as a motion for summary judgment pursuant to Rule 56. FED. R. CIV. P. 12(b)(6).

The Defendant argues that the reprimand did not rise to the level of an adverse employment action because the Plaintiff suffered no harm as a result. The Defendant asserts that promotions were based solely on employees' work evaluations, and has offered a statement in which the Plaintiff herself acknowledges this. Def.'s Mot. for Partial Dismissal (Docket No. 20), Ex. A at 335(original numbering). Without affecting "Plaintiff's employment, for example by leading to future discipline or preventing future advancement," the reprimand did not rise to the level of an adverse employment

-10-

action necessary to state a Title VII cause of action. *Duran v. N.M. Dep't of Labor*, 143 F. Supp. 2d 1278, 1285 (D.N.M. 2001). It therefore could not have amounted to retaliation for the Plaintiff's participation in protected opposition to discrimination, *Williams v. Rice*, 983 F.2d 177, 181 (10th Cir. 1993), disparate discipline, *Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (10th Cir.2000), or hostile work environment, *Pa. State Police v. Suders*, ___ U.S. ___, 124 S. Ct. 2342, 2347 (2004).

At this point, the burden shifts to the Plaintiff to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). By failing to timely and properly respond to the Defendant's motion, the Plaintiff has failed to establish that a fact issue exists. *Reed*, 312 F.3d at 1195. The facts, as the Defendant has presented them, are deemed established. *Id.*

The Plaintiff has also failed to create a triable issue of fact as to whether the reprimand caused her to be rejected for a promotion for which she was qualified and which remained open or went to another individual. *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 796-97 (10th Cir. 1993), *overruled on other grounds*, *Buchanan v. Sherrill*, 51 F.3d 227 (10th Cir. 1995). The Defendant is entitled to judgment as a matter of law, and his motion will be granted.

3.  Handling of the Plaintiff's Complaints

The Plaintiff alleges that the Defendant violated Title VII by "[f]ailing to investigate Clark's various complaints of discrimination and retaliation as required by law" and "failing to take action regarding eeo [sic] and disciplinary procedures not being followed." Pl.'s Compl. (Docket No. 1) at 6. However, a violation of a federal regulation governing the handling of the Plaintiff's complaint does not create an independent cause of action against the investigating agency under Title VII. *See Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991), *cert. denied*, 505 U.S. 1205

(1992). Therefore, even accepting her allegations as true, the Plaintiff has failed to state a claim upon which relief can be granted. The Defendant's motion to dismiss these claims is granted.

4. "Derogatory Remarks"

The Plaintiff has alleged that the Defendant violated Title VII by "[m]aking derogatory remarks to Air Force officials and private persons about Clark's honesty and professional qualifications" and "[m]aking derogatory remarks about Clark's representatives." Pl.'s Compl. (Docket No. 1) at 6. However, the Defendant has shown that the comments were made after the Plaintiff left the Defendant's employment.

The Plaintiff stated in her rebuttal to the OCI Investigator that "the [Air Force Research Laboratory] managers I accused of discrimination continue to impede my progress and are telling [Department of Defense] officials and contractors that I am unreliable and should not be listened to." Def.'s Mot. for Partial Dismissal (Docket No. 20), Ex. A at 348 (original numbering). This statement, written in the present tense, was made after the Plaintiff had left the Defendant's employment. Therefore, it could not possibly constitute an adverse employment action or discriminatory failure to promote. *Duran*, 143 F. Supp. 2d at 1285; *Hooks*, 997 F.2d at 796-97. Moreover, these claims sound in tort, but the Plaintiff has failed to exhaust her administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a). The Defendant has suggested the absence of an issue of fact for trial, and the Plaintiff has failed to demonstrate that one exist. The Defendant is entitled to judgment as a matter of law on these claims, and his motion will be granted.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Partial Dismissal or, in

the alternative, for Summary Judgment is **granted**.

**IT IS FURTHER ORDERED** that the Defendant is granted summary judgment on the Plaintiff's claims regarding her work evaluation.

**IT IS FURTHER ORDERED** that the Defendant is granted summary judgment on the Plaintiff's claims regarding Lt. Hill's memorandum.

**IT IS FURTHER ORDERED** that the Defendant is granted summary judgment on the Plaintiff's claims regarding the article abstract written without the Plaintiff's knowledge, decommiting funding for the Plaintiff's projects, and ordering or encouraging co-workers not to collaborate with the Plaintiff.

**IT IS FURTHER ORDERED** that the Defendant is granted summary judgment on the Plaintiff's claims regarding her reprimand.

**IT IS FURTHER ORDERED** that the Plaintiff's claims regarding the Defendant's failure to investigate the Plaintiff's complaints or follow Air Force procedure are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Defendant is granted summary judgment on the Plaintiff's claims regarding derogatory remarks about the Plaintiff or her representatives.

**IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**